543 A.2d 1288

Mona L. Fawber and Paul E. Fawber *v.* Dauphin County Tax Claim Bureau and Alan Goldstein. Alan Goldstein, Appellant.

Argued April 18, 1988, before Judges MACPHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Norman M. Yoffe, Norman M. Yoffe, P.C.,* for appellant.

*Arthur K. Dils, Dils, Dixon* & *Zulli,* for appellees.

OPINION BY JUDGE MACPHAIL, July 11, 1988:

Before us for consideration is an order of the Court of Common Pleas of Dauphin County sitting en banc which reversed Judge MORRISON's order dismissing the exceptions/complaint to a tax sale filed by Mona and Paul Fawber (the Fawbers). Paul Fawber, along with his former wife, Betty, were the record owners of real property which was sold by the Dauphin County Tax Claim Bureau (Bureau). Alan Goldstein, the appellant herein, was the purchaser of the property at the upset sale.

In the original pleading filed in the common pleas court, the Fawbers sought to set aside the tax sale. They had made partial payment and their tax liability which triggered the sale was approximately $47.00. They alleged (1) that Paul Fawber never received notice of the tax sale or the delinquency, (2) that if the sale was posted, their children may have taken or hidden the sign, and (3) that the sale of the property for such a minimal amount of back taxes was "inequitable," "unjustified" and "unconscionable."

The trial court originally found that notice had been received in accordance with Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602. Judge MORRISON also determined that the Fawbers' hardship claims[1] were legally irrelevant, and that inadequacy of the upset price is not a legal basis for setting aside the sale. Thus, he denied the Fawbers the relief they sought.

---

[1] The hardships alleged include Mr. Fawber's illiteracy and period of unemployment and the death of Mona Fawber's father near the time at which notice of the sale was given.

Fawbers then filed a document entitled "Appeal, Exceptions, and Motion for Reconsideration." In that document, the single legal issue was raised: whether the portion of taxes paid by the Fawbers should have been applied first to the real estate and then to the trailer located on the real estate, which was separately assessed. The Bureau credited the tax payments received from the Fawbers to the trailer and then to the real estate, leaving a balance of tax due on the realty. The en banc court, however, did not confine itself to that issue, instead deciding (1) that notice had been inadequate, (2) that the Fawbers' personal hardships were legally relevant, and (3) that the low upset price was a basis for setting aside Judge MORRISON's order. In so doing the en banc court made various factual findings. The sole issue raised in Fawbers' motion, however, was *not* decided. Subsequent to the en banc court's setting the sale aside, Goldstein appealed to this Court.

On appeal Goldstein contends, *inter alia,* that the en banc court erred (1) in considering issues not raised before it, (2) in making factual findings, and (3) in determining that the price paid at the upset sale justified setting the sale aside. He also maintains that the Bureau need not apply tax payments first to realty and then to personalty.

Before considering these issues, however, a preliminary matter demands attention. It is unclear whether the Fawbers initiated their lawsuit pursuant to Section 607 of the Law, 72 P.S. §5860.607 by filing objections or exceptions or by filing a complaint. If the Fawbers were proceeding under Section 607 once Judge MORRISON issued his order, the filing of exceptions would not have been necessary, *see Marra Appeal,* 94 Pa. Commonwealth Ct. 407, 504 A.2d 380 (1986), and would not toll the appeal period to this Court. *Salem Crossroads Historical Restoration Society, Inc. Appeal,* 106 Pa. Com-

monwealth Ct. 452, 526 A.2d 1257 (1987). Hence, we would lack subject matter jurisdiction over this case because the appeal (on September 28, 1987) was beyond thirty days from the entry of Judge MORRISON's April 20, 1987 order.

If, however, the Fawbers filed a complaint *in equity,* a permissible alternative, *see Hoover v. Bucks County Tax Claim Bureau,* 44 Pa. Commonwealth Ct. 529, 405 A.2d 562 (1979), the trial court should then have filed a *decree nisi* to which exceptions could be filed and resolved by the Chancellor. An appeal to this Court would lie when a final decree was handed up.

It is apparent that the parties, with the trial court's indulgence, proceeded as though this was a non-jury action at law and the Fawbers, therefore, petitioned for post-trial relief in accordance with Pa. R.C.P. No. 227.1.

All of this confusion began with Fawbers' initial pleading denominated as "Complaint Setting Forth Objections to Tax Sale." It is, thus, ambiguous. At the outset of the "trial" of the case, counsel for Goldstein raised the question of whether Fawbers' pleading was a petition to set aside the tax sale, in which event it was untimely, or a civil action complaint. The trial judge never ruled on the issue, nor did the court en banc discuss this matter. All parties, and the court, proceeded as though this was a civil action at law, which, we believe was impermissible. Fawbers had the right, as we have noted, to file a petition to set aside the tax sale under Section 607 of the Law or to file a complaint and proceed in equity. Neither course was followed here and we should dismiss this appeal on that ground alone.

In addition, we regard the decision of the court en banc as fatally flawed. As we have noted, only one matter was raised before the trial court en banc, and we have no difficulty in concluding that its *sua sponte* con-

sideration of other non-jurisdictional issues was inappropriate. Those issues were clearly waived because they had not been preserved below. *See Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974) and Pa. R.C.P. No. 227.1(b)(2).

Therefore, the only issue we need address is whether the Bureau was obligated to apply the Fawbers' partial payment to the realty before it applied it toward the trailer located on the realty. The Fawbers cite absolutely no statute or case law to support their position in this matter. Our review of the law discloses that no current provision governing how tax payments are to be allocated is found there.[2]

Having determined that the only substantive issue preserved[3] cannot be disposed of in the Fawbers' favor, we accordingly, reverse the order of the court en banc and reinstate Judge MORRISON's order.

### ORDER

The order of the Court of Common Pleas of Dauphin County sitting en banc is hereby reversed and the order of Judge MORRISON in the above-captioned matter dismissing the objections is reinstated.

---

[2] Prior law did dictate that personalty was to be sold before real estate. *See* Section 2 of the Act of May 13, 1879, P.L. 55, repealed in pertinent part by Section 801 of the Law, 72 P.S. §5860.801. *See also* Section 9 of the Act of May 29, 1931, P.L. 280, repealed in pertinent part by Section 803 of the Law.

[3] We do not lightly dismiss the en banc court's clarion call for justice. We do note, however, that both the trial court and this Court are required to follow the rules for appeal and the rules of procedure, and where there is a deviation therefrom, no exception can be granted. We further note that reference is made in the en banc opinion in several instances, to facts which do not appear of record and were not properly before that court or the trial judge.