**Eileen BATTISTI, Appellant**

v.

**TAX CLAIM BUREAU OF BEAVER COUNTY and S.P. Lewis.**

Commonwealth Court of Pennsylvania.

Argued April 16, 2013.
Decided Aug. 19, 2013.

Edgardo D. Santillan, Beaver, for appellant.

David E. Holland, Erie, for appellee S.P. Lewis.

BEFORE: PELLEGRINI, President Judge, LEADBETTER, Judge (P.), and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Eileen Battisti (Taxpayer) appeals an order of the Court of Common Pleas of Beaver County (trial court) denying her petition to set aside the sale of her home at an upset tax sale. Taxpayer paid her 2008 school district taxes six days late and, thus, her payment was short $6.30 in interest. Taxpayer paid her 2009 taxes but the $6.30 delinquency on the 2008 school taxes remained unpaid, causing the Tax Claim Bureau of Beaver County to sell Taxpayer's home. Taxpayer challenged the upset tax sale for the stated reasons that she did not have notice that her payment of the 2008 school district taxes was short by $6.30 and did not have notice of the scheduled upset tax sale. The petition named the purchaser, S.P. Lewis, and the Tax Claim Bureau of Beaver County as respondents. On appeal, Taxpayer argues that the trial court erred in granting Purchaser's motion for judgment on the pleadings because, *inter alia*, there were facts in dispute and the "pleadings" were not closed when Purchaser filed his motion. We agree and remand this matter for an evidentiary hearing.

At issue is a residential property located at 118 Rosewood Drive, Aliquippa, Pennsylvania (Property). Taxpayer and her husband, Anthony Battisti, purchased the Property as their home in 1999. Anthony Battisti was responsible for managing the family's finances, including the payment of all bills and taxes. He died in 2004. Taxpayer used her husband's life insurance policy to pay off the mortgage. Taxpayer explains that she has struggled to assume responsibility for the financial matters previously handled by her husband. She has also struggled with both physical and emotional challenges that have caused her to be tardy in paying taxes.[1]

The essential facts on tax payments made for the tax years 2008 and 2009 are not in dispute.[2] In March of 2009, the Central Valley School District notified the Tax Claim Bureau of an unpaid school tax on the Property in the amount of $833.88 plus a $42.01 penalty. A $15.00 entry fee was added to that amount by the Tax Claim Bureau for a total of $890.89. On April 1, 2009, interest for one month in the amount of $6.30 was added, which brought the total claim for the Property's 2008 school taxes to $897.19. On May 1, 2009, another $6.30 interest charge was added, raising the total to $903.49. On May 7, 2009, the Tax Claim Bureau received a payment from Taxpayer in the amount of $897.19. The Tax Claim Bureau credited that amount to the Taxpayer's account, leaving a remaining balance of $6.30 owing for the interest added when she did not pay by May 1, 2009.

On June 3, 2009, the Tax Claim Bureau sent Taxpayer a "notice of return and claim" that identified 2008 delinquent taxes in the amount of $6.30, plus postage and costs for a total of $28.25. The notice was returned to the Tax Claim Bureau as unclaimed. It is not clear if this notice functioned as a receipt or an invoice. No

---

1. Taxpayer attributes the delinquency in payment to a serious physical injury suffered by her daughter, the murder of her son's best friend at college, and a serious physical injury that kept Taxpayer out of work for some time. Taxpayer's Brief at 10.

2. There was no evidence received by the trial court. These "facts" are based on documents in the reproduced record collected from various filings of the parties.

further notices, apparently, were sent to Taxpayer.

In April of 2010, Beaver County and Central Valley School District notified the Tax Claim Bureau of 2009 unpaid taxes on the Property. The unpaid Beaver County tax was $1,184.37 and a $118.44 penalty; the unpaid Central Valley School District tax was $2,324 and a $116.09 penalty. On June 3, 2010, the Tax Claim Bureau notified Taxpayer that she owed $3,832.71 for her 2009 real estate taxes, including interest and costs. On July 2, 2010, the Tax Claim Bureau sent a certified notice to Taxpayer that added interest, raising the total to $3,990.03. On September 11, 2010, the Tax Claim Bureau received a check from Taxpayer in the amount of $3,990.03, and it was applied to Taxpayer's 2009 county and school taxes.

There remained an unpaid balance of $234.72 for the 2008 school taxes. This amount was based upon the $6.30 interest imposed when the tax payment was six days late and then grew with accruing interest and costs. On September 12, 2011, Taxpayer's Property was sold at an upset tax sale for collection of the unpaid balance of $234.72 owing on Taxpayer's 2008 school taxes.

On October 11, 2011, Taxpayer filed the instant objections and petition to set aside the upset tax sale, asserting a lack of notice of either the sale or of the outstanding debt. Both respondents answered. On November 18, 2011, Purchaser filed a motion for judgment on the pleadings and a supporting brief. On January 23, 2012,

Taxpayer filed a motion for leave to amend her petition, which the trial court granted. On January 24, 2012, Taxpayer filed her amendment, adding that there were no unpaid taxes from 2008, only unpaid interest and costs, of which she lacked knowledge. On January 25, 2012, the trial court heard oral argument on Purchaser's motion for judgment on the pleadings, at which Taxpayer did not appear. On February 27, 2012, Taxpayer filed a motion to set a hearing on her petition.[3] On February 29, 2012, Purchaser filed an answer and new matter to Taxpayer's amended objections, but Purchaser did not file a new motion for judgment on the pleadings. On March 22, 2012, Taxpayer filed her reply to Purchaser's new matter. On May 18, 2012, the trial court granted Purchaser's motion for judgment on the pleadings and dismissed Taxpayer's objections.

■ Based on the "pleadings," the trial court concluded that Taxpayer received all notices required under the law, but her payments did not satisfy the full amount owing. Thus, Purchaser's motion for judgment on the pleadings was granted. Taxpayer appealed to this Court.[4]

On appeal, Taxpayer presents four issues for our review.[5] First, Taxpayer argues that she has been deprived of her home without a hearing that comports with due process. This was particularly inappropriate because the outstanding liability was small and the value of the home was far greater than the amount paid by Purchaser. Second, the trial court erred in

---

**3.** The reproduced record includes a copy of Taxpayer's motion and cover letter, but it was not in the record certified by the trial court.

**4.** Our review of a trial court's decision granting a motion for judgment on the pleadings considers whether the court committed an error of law or whether unresolved questions of material fact remain outstanding. *Travelers Casualty & Surety Co. v. Castegnaro,* 565

Pa. 246, 250, 772 A.2d 456, 459 (2001). Our scope of review is plenary. *Lindstrom v. City of Corry,* 563 Pa. 579, 583, 763 A.2d 394, 396 (2000).

**5.** Taxpayer's statement of issues for review presents five issues. For clarity, we have condensed and reorganized the issues.

upholding the upset tax sale because Taxpayer made the tax payments in accordance with invoices from the Tax Claim Bureau, which never sent her an explicit invoice for $6.30. Further, she contends that the Tax Claim Bureau should have applied her 2010 payment to the 2008 unpaid balance before applying it to the 2009 taxes. Third, Taxpayer argues that it is a violation of the equal protection clauses of the Pennsylvania and United States Constitutions to permit citizens of the County of Philadelphia the opportunity for a redemption after upset tax sale but not citizens who live in other counties. Fourth, Taxpayer argues that it was error for the trial court to authorize an upset tax sale where taxes were paid in full, leaving only past due interest and costs.

In her first issue, Taxpayer argues that the trial court erred in not allowing Taxpayer to present evidence on whether the Tax Claim Bureau satisfied the requirements of the Real Estate Tax Sale Law,[6] which violated her due process rights. Purchaser responds that Taxpayer has failed to preserve any issues for appeal in her "docketing statement."[7] Further, Taxpayer's brief does not provide specific citations to the record showing that her issues were preserved, and her reproduced record does not include an index or numbered pages. Purchaser argues that these deficiencies in her brief and record preclude our appellate review.

We begin with a review of the procedures in the Real Estate Tax Sale Law for setting aside a tax upset sale. Section 607 provides in relevant part that

[a]ny objections or exceptions to such a [tax] sale may question the regularity or legality of the proceedings of the bureau in respect to such sale, but may not raise the legality of the taxes on which the sale was held, of the return by the tax collector to the bureau or of the claim entered.

72 P.S. § 5860.607(d). This Court has held that a person challenging the notice of a tax sale has "the right ... to file a petition to set aside the tax sale ... or to file a complaint and proceed in equity." *Fawber v. Dauphin County Tax Claim Bureau*, 117 Pa.Cmwlth. 521, 543 A.2d 1288, 1290 (1988). *See also Hoover v. Bucks County Tax Claim Bureau*, 44 Pa. Cmwlth. 529, 405 A.2d 562, 564 (1979) (stating that the legislature has not made the statutory procedure the exclusive method for challenging the adequacy of notice and the courts of equity have the power to inquire into the issue even after the judicial confirmation of a tax sale). However, where a taxpayer commences a statutory proceeding under Section 607 of the Real Estate Tax Sale Law, the statutory procedures provided for therein are the exclusive means of resolving a dispute about an upset tax sale. *See Commonwealth v. 605 University Drive*, 61 A.3d 1048, 1054–55 (Pa.Cmwlth.2012), *petition for allowance of appeal granted*, —— Pa. ——, 71 A.3d 915 (2013). In the present case, Taxpayer filed "objections and a petition to set aside the tax sale" as provided in Section 607 of the Real Estate Tax Sale Law.

The procedures in Section 607 direct that "[i]n case any objections or exceptions are filed they shall be disposed of accord-

---

**6.** Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

**7.** It is not clear what Purchaser means with reference to a "docketing statement." Based on the context in Purchaser's brief, it appears

to be in reference to a 1925(b) statement. Pa. R.A.P. 1925(b). However, Taxpayer is only required to file such a statement of errors complained of upon appeal when the trial court orders such. *Id.*

ing to the practice of the court." 72 P.S. § 5860.607(d). The Beaver County Court of Common Pleas has adopted a standing order for the captioning and docketing of petitions filed under Section 607 of the Real Estate Tax Sale Law. *See* Beaver County Rules of Civil Procedure, "Upset Tax Sales—Standing Order," Order of May 25, 2004 (Kunselman, P.J.) (establishing a special docket numbering system for objections to upset tax sales filed pursuant to 72 P.S. §§ 5860.601–5860.607). The Standing Order does not provide a mechanism for obtaining a judgment on the basis of a petition and answer.

■ Generally, the Pennsylvania Rules of Civil Procedure do not apply to statutory proceedings brought under the Real Estate Tax Sale Law. *In re Tax Sale Held September 10, 2003, by the Tax Claim Bureau of the County of Lackawanna*, 859 A.2d 15, 18 n. 9 (Pa.Cmwlth.2004). The Pennsylvania Rules of Civil Procedure apply to "civil actions." Rule 1001 states:

(b) There shall be a "civil action" in which shall be brought all claims for relief heretofore asserted in

(1) the action of assumpsit,

(2) the action of trespass, and

(3) the action in equity.

PA. R.C.P. No. 1001(b). An objection to a tax sale filed under Section 607 of the Real Estate Tax Sale Law is not an action in assumpsit, trespass or equity. *Cf. 605 University Drive*, 61 A.3d at 1055 (holding that the Pennsylvania Rules of Civil Procedure do not apply to actions instituted under the act commonly known as the Controlled Substances Forfeiture Act, 42 Pa.C.S. §§ 6801–6802, because a forfeiture proceeding is not a "civil action" but, rather, a statutory proceeding commenced by petition).

Judgment on the pleadings is authorized by the Rules of Civil Procedure. Rule 1034 states:

(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

(b) The court shall enter such judgment or order as shall be proper on the pleadings.

PA. R.C.P. No. 1034. A "pleading" is defined as follows:

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

(3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

(4) a preliminary objection and a response thereto.

PA. R.C.P. No. 1017(a)(1)-(4). The "objections and a petition to set aside a tax sale" filed by Taxpayer was not a "pleading" as defined in Rule 1017. Likewise, the respondents' answers to Taxpayer's petition were not "pleadings."

■ The trial court erred. First, the Pennsylvania Rules of Civil Procedure do not apply to Section 607 proceedings, which are not "civil actions." Second, "pleading," as used in the Rules of Civil Procedure, is a term of art that does not include a petition filed under Section 607 of the Real Estate Tax Sale Law. The motion for judgment on the pleadings authorized in Rule 1034 does not apply to petitions. Third, there is no mechanism in Beaver County's Standing Order that allows a Section 607 petition to be decided on the petition and answer. Fourth, the "pleadings" were not closed. The parties continued to file answers and new matter after November 18, 2011, when the Pur-

chaser filed his motion for judgment on the pleadings. These subsequent filings by the Purchaser and by Taxpayer rendered Purchaser's motion of November 18, 2011, moot. It was incumbent on Purchaser to file a new motion for judgment on the pleadings, even assuming this procedural device was available in a Section 607 proceeding, which it is not.

In denying Taxpayer's objections without an evidentiary hearing, the trial court denied Taxpayer due process. In *Geier v. Tax Claim Bureau of Schuylkill County*, 527 Pa. 41, 588 A.2d 480 (1991), our Supreme Court emphasized that due process under both the United States and Pennsylvania Constitutions must be satisfied whenever the government subjects a citizen's property to forfeiture for nonpayment of taxes. Accordingly, "a taxing authority's strict compliance with the tax sale law does not necessarily satisfy the demands of due process." *Geier*, 527 Pa. at 46, 588 A.2d at 483. There can be no deprivation of property without notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "Interests in real property [are] entitled to the most rigorous [due process] protections." *Sklar v. Harleysville Insurance Company*, 526 Pa. 617, 621, 587 A.2d 1386, 1388 (1991). Where a question of fact is raised, a hearing is necessary because "[w]ithout a full hearing on the matter, the door might be opened to fraud. . . ." *In re Upset Sale, Tax Claim Bureau of Montgomery County*, 217 Pa.Super. 342, 272 A.2d 186, 188 (1970).

Once Taxpayer presented a *prima facie* challenge to the tax sale, it became the burden of the Tax Claim Bureau to prove strict conformance with the notice provisions of the Real Estate Tax Sale Law. *Michener v. Montgomery County Tax Claim Bureau*, 671 A.2d 285, 289–90 (Pa. Cmwlth.1996). The Tax Claim Bureau's answer and Purchaser's answer and new matter raised a dispute on the central factual question, *i.e.*, whether Taxpayer was given the notice required for an upset tax sale to be valid under the Real Estate Tax Sale Law and under the Due Process Clause found in the United States and Pennsylvania Constitutions. Thus, even if judgment on the pleadings were a mechanism available in a petition to set aside a tax sale, Taxpayer was entitled to an evidentiary hearing on her petition.[8]

We reject Purchaser's argument that Taxpayer has waived her right to petition this Court for redress because she has not complied with the Pennsylvania Rules of Appellate Procedure. Taxpayer's brief cannot refer to the evidentiary record because she did not get a hearing. The only matters of record at this point are the respective filings of the parties. Based on these filings, we can discern Taxpayer's arguments and preservation of issues with sufficient clarity to provide meaningful review. Likewise, we reject Purchaser's argument that the lack of an index or pagination in the reproduced record precludes our meaningful review.

For the above-stated reasons, we vacate the order of the trial court and remand for an evidentiary hearing.

Judge LEADBETTER concurs in the result only.

### ORDER

AND NOW, this 19th day of August, 2013, the order of the Court of Common

---

8. Because of our disposition of Taxpayer's first issue, we need not address the other issues she raised.

Pleas of Beaver County dated May 18, 2012, in the above-captioned matter is hereby VACATED and this matter REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.