IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Satoria Johnson,  :
　　　　　Appellant  :
　　　　　v.  :　　　No. 451 C.D. 2023
　　　　　　:　　　Submitted: September 9, 2024
Tax Claim Bureau of Delaware  :
County and Stephen Davis  :

BEFORE:　HONORABLE ELLEN CEISLER, Judge
　　　　　HONORABLE LORI A. DUMAS, Judge
　　　　　HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY SENIOR JUDGE LEAVITT　　　　FILED: December 31, 2024

　　　　Satoria Johnson appeals an order of the Court of Common Pleas of Delaware County (trial court) that denied her post-trial motion filed in response to the trial court's refusal to set aside the tax sale of her property. On appeal, Johnson argues that the trial court erred because she did not receive the notice of the tax sale that is required by the Real Estate Tax Sale Law (Tax Sale Law).[1] We reverse the trial court and remand the matter with the direction to set aside the judicial sale.

## Background

　　　　On January 20, 2021, the Tax Claim Bureau of Delaware County (Tax Claim Bureau) petitioned the trial court for a rule to sell property located at 4168 Oliver Lane in Upper Chichester (Property) at a judicial sale after the upset tax sale failed to generate a bid.[2] On January 28, 2021, the trial court issued a rule to show

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

[2] Section 610 of the Tax Sale Law, 72 P.S. §5860.610, provides that in cases where property is listed for upset sale, but the upset price is not bid, the sale shall be continued, and the tax claim bureau may file a petition in the court of common pleas of the county to sell the property by judicial sale under Section 612 of the Tax Sale Law, 72 P.S. §§5860.612, and Section 612.1 of the Tax Sale Law, added by the Act of May 20, 1949, P.L. 1579, 72 P.S. §5860.612-1.

cause upon the record owners of the Property at that time, James and Lois Jacono. A hearing on the rule took place on April 5, 2021. At its conclusion, the trial court ordered the Property to be listed for a judicial sale and that the sale take place on May 13, 2021.

On April 8, 2021, a deed was recorded that named Satoria Johnson and her brother, Clinton Johnson, Jr. (Brother), as title owners of the Property. On May 10, 2021, Brother requested the United States Bankruptcy Court to stay the judicial sale of the Property. The Tax Claim Bureau then filed a motion for relief from the automatic stay, which the Bankruptcy Court granted on June 1, 2021. On September 16, 2021, the Property was sold at a judicial sale at which Stephen Davis (Intervenor) was the successful bidder.

On March 8, 2022, Johnson filed a petition to set aside the tax sale for the stated reason that she did not receive notice of the judicial sale and, as a record owner, she was entitled to notice. The trial court held an evidentiary hearing on February 22, 2023.

At the hearing, the Tax Claim Bureau's judicial sales coordinator, Michelle Peale, testified. She stated that the County Deputy Sheriff, Louis A. Pepe, served notice of the trial court's rule upon Shanaya Pratcher-Carreras, the occupant of the Property. This was consistent with the rule, which was addressed to "James Jacono and/or occupant." Original Record (O.R.), P-1, Exhibit E to Hearing Transcript. Peale also testified that the Tax Claim Bureau published a notice of the May 13, 2021, judicial sale in 2 newspapers of general circulation, 30 days prior to the sale, as ordered by the trial court on April 5, 2021. O.R., Item 7, Exhibit B.

Stephen Bottiglieri testified that he learned of the Property's transfer in the course of representing the Tax Claim Bureau in the proceeding before the United

2

States Bankruptcy Court. He learned that the deed, listing the Property's new owners, was recorded on April 8, 2021, three days after the trial court issued the rule exposing the Property to judicial sale. In the May 10, 2021, bankruptcy filing, Johnson was listed as a co-debtor with an address at the Property. Bottiglieri testified that Johnson's father, who was counsel for Brother in the bankruptcy proceeding, sent Bottiglieri a letter stating that "the co-debtor is available to contribute income if necessary." Notes of Testimony (N.T.), 2/22/2023, at 79-80; Reproduced Record at 99a-100a (R.R. __).

Johnson testified that she did not occupy the Property and never did. She did not recall meeting James Jacono, but she acknowledged that she authorized her participation in the 2019 acquisition of the Property by sales agreement. Johnson testified that she did not contribute financially to the Property and did not recall conferring with her father about assisting with "the tax delinquencies[.]" N.T. 91; R.R. 111a.

By order of March 31, 2023, the trial court denied Johnson's petition to set aside the sale. The trial court concluded that the Tax Claim Bureau complied with the Tax Sale Law by giving notice to James and Lois Jacono and to the occupant of the Property, Shanaya Pratcher-Carreras. Further, the judicial sale was advertised in accordance with the Tax Sale Law and the court's order. Although the evidence established that James and Lois Jacono transferred the Property to Johnson and Brother on October 18, 2019, Johnson was not a record owner when the trial court issued the order of April 5, 2021. Thus, Johnson was not entitled to notice of the judicial sale scheduled for May 13, 2021. The trial court then reasoned that Johnson was not entitled to notice of the judicial sale of September 16, 2021, because that sale was simply a continuation of the sale originally scheduled for May 13, 2021.

3

The trial court concluded that, in any case, Johnson had implied actual notice of the tax sale because she had to have been "aware of the jeopardy that the subject property was facing." Trial Court Op., 6/12/2023, at 11; R.R. 11a (citing *Sabbeth v. Tax Claim Bureau of Fulton County*, 714 A.2d 514 (Pa. Cmwlth. 1998)). First, Brother had actual notice of the May 13, 2021, judicial sale, which prompted him to ask the Bankruptcy Court to stay the sale. Second, Johnson was listed as a co-debtor in the bankruptcy proceeding, so she had to know about the stay of the judicial sale.

On April 11, 2023, Johnson filed a motion for post-trial relief. On April 13, 2023, the trial court denied the post-trial motion for the stated reason that it was improperly filed under Delaware County Local Rule of Civil Procedure 227.1(g), Del. Co. R.Civ.P. 227.1(g), which does not authorize post-trial motions in cases arising under the Tax Sale Law.[3]

On May 4, 2023, Johnson appealed the trial court's April 13, 2023, order to this Court. In its PA.R.A.P. 1925(a) opinion, the trial court reiterated that Johnson's post-trial motion was an invalid filing under Del. Co. R.Civ.P. 227.1(g). In the alternative, the trial court stated that it properly denied Johnson's petition to set aside for the reasons set forth in its March 31, 2023, order.

---

[3] It states:

> A Motion for post-trial relief may not be filed in an Adjudication or determination by the Court upon any Petition seeking to set aside a Tax Sale pursuant to the Pennsylvania Real [Estate] Tax Sale Law, 72 P.S. §5860.101 et seq.

Del. Co. R.Civ.P. 227.1(g); available at https://www.delcopa.gov/courts/localrules/CivilRules.pdf (last visited November 14, 2024).

4

**Appeal**

On appeal,[4] Johnson raises three issues, which we consolidate for clarity. Johnson argues that the trial court erred in denying her petition to set aside the judicial sale of the Property because she was not notified when the judicial sale was rescheduled for September 16, 2021. Despite Bottiglieri's testimony that the Tax Claim Bureau knew that Johnson was the record owner of the Property, the Tax Claim Bureau did not notify her of the Property's listing for judicial sale in September. Further, the Tax Claim Bureau failed to make a reasonable effort "to discover the identity and addresses of persons whose property interests may be affected" by a judicial sale, as required by Sections 602(e) and 607.1 of the Tax Sale Law, 72 P.S. §§5860.602, 5860.607a.[5] Finally, Johnson contends that the trial court erred in finding that Johnson had actual knowledge of the September 16, 2021, judicial sale, because the record is devoid of any such evidence.

Intervenor responds that Sections 602(e) and 607.1 of the Tax Sale Law have no application here. Section 602(e) relates to upset sales, not to judicial sales, such as the one at issue in this case. Likewise, Section 607.1, which obligates a tax claim bureau to undertake reasonable efforts to find an owner only where a mailed notice has been returned, did not apply here. James and Lois Jacono were the record owners of the Property when the County Deputy Sheriff effected personal service of the rule to show cause upon the occupant of the Property on March 1, 2021. This fully satisfied the notice requirements in Section 611 of the Tax Sale Law, 72 P.S. §5860.611, which is the statutory provision relevant here. Further, Johnson has

---

[4] Our standard of review in tax sales cases in tax sale cases is to determine "whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law." *In re Serfass*, 651 A.2d 677, 678 n.6 (Pa. Cmwlth. 1994).

[5] Added by the Act of July 3, 1986, P.L. 351.

waived any argument with respect to the notice requirements in Section 611 of the Tax Sale Law.

Intervenor argues, further, that the notice requirements in the Tax Sale Law do not matter because Johnson had implied actual notice of the judicial sale of the Property. The Property was the only asset listed in the bankruptcy proceeding, and the Tax Claim Bureau was the only secured creditor named in Brother's bankruptcy filing. As the co-debtor listed in the bankruptcy, Johnson had to have received the Bankruptcy Court's order lifting the stay of the sale of the Property. This gave Johnson implied actual notice that the judicial sale of May 2021 would take place, and it did, albeit in September.

## I. Post-trial Motion

As an initial matter, we consider the trial court's ruling that Johnson's post-trial motion was improvidently filed and, as such, did not stop the clock running on the 30-day deadline for appealing the trial court's order of March 31, 2023. Neither party has addressed this issue. Nevertheless, "timeliness of an appeal is a jurisdictional question which cannot be waived, and it may be raised at any stage of the proceedings by any party or by the court *sua sponte*." *Monroe County Board of Assessment Appeals v. Miller*, 570 A.2d 1386, 1388 (Pa. Cmwlth. 1990).

Pennsylvania Rule of Civil Procedure 227.1(c) states, in relevant part, as follows:

> (c) Post-trial motions shall be filed within 10 days after
>> (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
>> (2) notice of nonsuit or the filing of the *decision in the case of a trial without jury*.

6

PA.R.Civ.P. 227.1(c) (emphasis added). Our Supreme Court has explained that post-trial motions are necessary to preserve issues for appeal. "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Company v. Lane Enterprises, Inc.,* 710 A.2d 55 (Pa. 1998). The purpose of Rule 227.1 is to provide "the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey v. Roush*, 805 A.2d 491, 494 n.9 (Pa. 2002). Further, post-trial motions must be filed within ten days after "filing of the decision in the case of a trial without jury." PA.R.Civ.P. 227.1(c).

However, there can be no motion for post-trial relief where the trial court hears an appeal of a local agency action or determination. Rule 227.1(g) states:

> A motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas.

PA.R.Civ.P. 227.1(g). In *Eachus v. Chester County Tax Claim Bureau*, 612 A.2d 586 (Pa. Cmwlth. 1992), we held that a petition to set aside an upset tax sale filed under Section 607 of the Tax Sale Law was the kind of statutory appeal of a local agency determination for which a post-trial motion is not appropriate. Likewise, in *Battisti v. Tax Claim Bureau of Beaver County*, 76 A.3d 111, 114 (Pa. Cmwlth. 2013), this Court held that Pennsylvania's Rules of Civil Procedure do not apply to the statutory remedy established in Section 607 for challenging a tax claim bureau's upset tax sale.[6] Accordingly, the successful bidder's motion for judgment on the pleadings filed under the Rules of Civil Procedure was improvidently filed and

---

[6] This is because the statutory procedures in the Tax Sale Law "are the exclusive means of resolving a dispute about an upset tax sale." *Battisti*, 76 A.3d at 114 (citation omitted). Local courts of common pleas may adopt standing orders or local rules for Section 607 hearings on upset tax sales. *Id.*

should have been dismissed. In any case, a petition to set aside an upset sale requires an evidentiary hearing under Section 607 of the Tax Sale Law.

Here, by contrast, the Property was sold upon the order of the trial court under Section 612(a) of the Tax Sale Law, not upon the initiative of the tax claim bureau acting under Section 607 of the Tax Sale Law. Section 612(a) states that if "upon hearing the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, *it shall order and decree that said property be sold at a subsequent day to be fixed by the court*[.]") (emphasis added). 72 P.S.§5860.612(a). The Tax Sale Law does not create a statutory remedy where the property owner challenges a judicial sale for, *inter alia*, lack of notice. Johnson's petition was styled a "petition to set aside," mirroring the language found in Section 607 of the Tax Sale Law, but this provision applies only to upset tax sales. Johnson's so-called "petition to set aside" a judicial sale was, in actuality, an action seeking declaratory and equitable relief. *See*, *e.g.*, *Rivera v. Carbon County Tax Claim Bureau*, 857 A.2d 208, 212 (Pa. Cmwlth. 2004) (after petitioner challenged judicial sale for lack of notice, the "trial court declared the judicial sale and deed to be null and void"). In sum, Johnson's petition did not arise under Section 607 and, thus, did not constitute an "appeal" from a "determination of a local agency[.]" PA.R.Civ.P. 227.1(g). As such, a post-trial motion was authorized under Pa.R.Civ.P. 227.1(c).

Delaware County Local Rule of Civil Procedure 227.1(g) disallows a post-trial motion to "be filed in an Adjudication or determination by the Court upon any Petition seeking to set aside a Tax Sale pursuant to the Pennsylvania Real [Estate] Tax Sale Law, 72 P.S. §5860.101 et seq." Del. Co. R.Civ.P. 227.1(g). This

8

local rule did not support the trial court's holding that Johnson's post-trial motion was invalid.

First, the trial court's ruling is inconsistent with other precedent from the Court of Common Pleas of Delaware County. In *Caldwell v. Delaware County Tax Claim Bureau*, 63 Pa. D.&C. 5th 82 (2017), the successful bidder appealed the trial court's order to set aside a judicial sale alleging a violation of the statute. The trial court opined that the successful bidder had waived that issue by failing to file a post-trial motion. Plainly, this precedent established that Del. Co. R.Civ.P. 227.1(g) does not apply to orders issued in judicial sales under the Tax Sale Law.

Second, a local rule "must be consistent with and not in conflict with the Pennsylvania Rules of Civil Procedure." *Davison v. John W. Harper, Inc.*, 493 A.2d 732, 734 (Pa. Super. 1985).[7] If not, "local rules are invalid and cannot be followed." *Id.* As stated above, Delaware County Local Rule of Civil Procedure 227.1(g) does not apply to civil actions initiated to challenge a judicial sale because the Tax Sale Law does not create a statutory remedy for the person who seeks to challenge the validity of a judicial tax sale. That leaves equity, or the Declaratory Judgments Act,[8] as the vehicle by which the owner of the property can challenge a judicial sale of his property. These are civil actions to which the Pennsylvania Rules of Civil Procedure do apply.

In sum, we reject the trial court's conclusion that Johnson's post-trial motion was invalid under Pennsylvania Rule of Civil Procedure 227.1. This error would ordinarily prompt a remand to the trial court. However, the trial court has

---

[7] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[8] 42 Pa. C.S. §§7531-7541.

addressed the issues raised in Johnson's post-trial motion in its PA.R.A.P. 1925(a) opinion. Accordingly, we address the parties' arguments on the validity of the trial court's denial of Johnson's petition to set aside the judicial sale.

## II. Notice of "Continued" Tax Sale

Johnson argues that the trial court erred in denying her petition to set aside the tax sale because she, as a record owner of the Property, was not given advance notice of the sale that took place on September 16, 2021. The Tax Sale Law has established the requirements for notice of a tax sale "to guard against the deprivation of property without due process of law." *Difenderfer v. Carbon County Tax Claim Bureau*, 789 A.2d 366, 368 (Pa. Cmwlth. 2001). The notice requirements are mandatory and must be strictly construed. *Manufacturers and Traders Trust Company v. Luzerne County Tax Claim Bureau*, 56 A.3d 36, 39 (Pa. Cmwlth. 2012).

Section 610 of the Tax Sale Law governs a petition for judicial sale. It states as follows:

> In cases where the upset price shall not be bid at any such sale, the sale shall be continued, but not beyond the end of the calendar year, without further advertising, and the bureau may, at any time during or after the continuance, and shall, immediately at the written direction of a taxing district, file its petition in the court of common pleas of the county to sell the property under sections 612 and 612.1. The bureau shall set forth on the petition (1) the tax claim upon which the property was exposed for sale, (2) that neither the owner, his heirs or legal representatives or any lien creditor, his heirs, assigns or legal representatives or other person interested has caused stay of sale, discharge of tax claim or removal from sale, (3) that the property was exposed to public sale and the date of such sale, (4) that before exposing the property to public sale the bureau fixed an upset price, as herein provided, and (5) that it was unable to obtain a bid sufficient to pay said upset price. *Upon the presentation of such petition, accompanied with searches, showing the state of the record and the ownership of the property and all tax and municipal claims,*

*liens, mortgages, ground rents, charges and estates against the same, the court shall grant a rule upon all parties thus shown to be interested to appear and show cause why a decree should not be made that said property be sold, freed and cleared of their respective tax and municipal claims, liens, mortgages, charges and estates, except separately taxed ground rents.* The rule shall be made returnable in not more than thirty (30) days from the date the petition was presented or as otherwise determined by the court.

72 P.S. §5860.610 (emphasis added).

Section 611 of the Tax Sale Law governs the notice required to be given to all parties with an ownership or lienholder interest in the property to be sold at a judicial sale, and it states as follows:

*Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth.* When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach evidence thereof. This shall constitute sufficient service under this act.

72 P.S. §5860.611 (emphasis added).

In sum, under Section 610 of the Tax Sale Law, where the upset price is not bid at an upset sale, a tax claim bureau may petition the trial court for a rule to sell the property at a judicial sale free and clear of all claims, liens, and mortgages. 72 P.S. §5860.610. The sheriff must effect personal service of the rule on any party

11

with an identifiable interest in the property. *Willard v. Delaware County Tax Claim Bureau*, 921 A.2d 1273, 1280 (Pa. Cmwlth. 2007). If service cannot be made in the Commonwealth, then the sheriff may effect service by registered mail with return receipt requested. Section 611 of the Tax Sale Law, 72 P.S. §5860.611. Further, before a sale can take place, the tax claim bureau must undertake reasonable efforts to locate and notify an owner or lienholder where there is "a significant doubt as to the actual receipt of such notification." Section 607.1(a) of the Tax Sale Law, 72 P.S. §5860.607a(a). Thereafter, "[i]f upon hearing, the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true, it shall order and decree said property be sold[.]" Section 612(a) of the Tax Sale Law, 72 P.S. §5860.612(a).

In *Willard*, 921 A.2d at 1279, this Court held that service of a rule upon owners of property listed for judicial tax sale did not effect lawful notice after the judicial sale was rescheduled for a different date. In that case, the owners (Willard and Harrison) requested removal of the property from the judicial sale list because the property was a superfund site subject to the United States Environmental Protection Agency's investigation. The tax claim bureau removed the property from the sale list and, thereafter, listed the property on the judicial sale list by filing a new petition and serving a new rule to show cause upon Willard and Harrison. However, by the time of the new tax sale date, the record owners had changed to include children of Harrison. The trial court nullified the tax sale.

The intervening successful bidder appealed, arguing that the second tax sale was simply a continuation of the first sale and, thus, a second rule was not necessary. We rejected that argument. We observed that "[t]here is, in fact, no provision in the [] Tax Sale Law for the concept of a 'continued' judicial sale."

12

*Willard*, 921 A.2d at 1278. We held that a new petition and service of the rule on all persons with a current interest in the property were required before the second judicial sale could take place.

Here, the Bankruptcy Court "stayed" the May 13, 2021, judicial sale, causing the Tax Claim Bureau to remove the Property from the judicial sale list. The sale was deferred for an indefinite period of time until the Tax Claim Bureau relisted the Property for judicial sale. As this Court has held, there is no provision in the Tax Sale Law for the concept of a "continued" or "stayed," judicial sale.[9] Rather, the tax claim bureau must file a new petition and serve a new rule in order to relist the property for a judicial sale. This was not done here.

The trial court found that Johnson had implied actual notice of the May 13, 2021, judicial sale because the co-owner of the Property, Brother, initiated a bankruptcy proceeding to stay that sale, and Johnson was listed as a co-debtor. As such, she must have had implied actual notice of the Bankruptcy Court's decision to lift the stay of the judicial sale. However, the record is devoid of any evidence that Johnson had any notice of the listing of the Property for a judicial sale on September 16, 2021. Johnson's receipt of motions and orders in Brother's bankruptcy proceeding did not put her on notice of the date of the new judicial tax sale.

The Tax Claim Bureau knew that Johnson and Brother were the record owners when their Property was listed for judicial sale on September 16, 2021. It made no effort to notify either owner, either by service of the rule or in any other fashion. Because the Tax Claim Bureau did not effect notice on persons with an

---

[9] By contrast, Section 603 of the Tax Sale Law provides that an upset sale can be stayed by an agreed payment plan, and, if "sufficient payment has not been received to discharge these taxes and claims, the tax claim bureau shall proceed with the sale of such property *in the manner herein provided*[.]" 72 P.S. §5860.603 (emphasis added).

13

interest in the Property, the judicial sale was invalid under Section 611 of the Tax Sale Law, 72 P.S. §5860.611.

We reject Intervenor's argument that Johnson has waived the issue of Section 611 of the Tax Sale Law. Johnson's petition challenged the September 16, 2021, judicial sale because she did not receive proper notice. Pennsylvania Rule of Appellate Procedure 302(a) provides that "[*i*]*ssues* not raised in the trial court are waived and cannot be raised for the first time on appeal." PA.R.A.P. 302(a) (emphasis added). This does not mean that a litigant must make identical arguments at each stage of his case. *Wert v. Department of Transportation, Bureau of Driver Licensing*, 821 A.2d 182, 186 n.9 (Pa. Cmwlth. 2003). *See also Doe-Spun, Inc. v. Morgan*, 502 A.2d 287, 289 (Pa. Cmwlth. 1985) (permitting appellants to add an additional citation to their argument that they did not raise before the trial court because they raised the issue generally).

Our holding in *Willard*, 921 A.2d at 1279, is dispositive here. To relist the Property for judicial sale, the Tax Claim Bureau had to start over by filing a new petition, obtaining a rule to show cause from the court, and then effecting service upon the then current record owners. Section 611 of the Tax Sale Law requires no less. The Tax Claim Bureau failed to do so, and the trial court erred in not declaring the judicial sale and deed of September 16, 2021, to be null and void.

**Conclusion**

For the foregoing reasons, we hold that the trial court erred in denying Johnson's petition where the Tax Claim Bureau did not meet the notice requirements set forth in Section 611 of the Tax Sale Law before relisting the Property for judicial sale. Likewise, the trial court erred in concluding that Johnson's post-trial motion was barred by Delaware County Local Rule of Civil Procedure 227.1(g).

14

We reverse the trial court's April 13, 2023, order denying Johnson's post-trial motion and remand the matter to the trial court with instructions to order the September 16, 2021, judicial sale of the Property set aside.

_____
MARY HANNAH LEAVITT, President Judge Emerita

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Satoria Johnson,                          :
                    Appellant             :
           v.                             :        No. 451 C.D. 2023
                                          :
Tax Claim Bureau of Delaware              :
County and Stephen Davis                  :

# **O R D E R**

AND NOW, this 31st day of December, 2024, the order of the Court of Common Pleas of Delaware County, in the above-captioned matter, dated April 13, 2023, is hereby REVERSED. The matter is REMANDED to the Court of Common Pleas of Delaware County for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita